IN THE UNITED STATES DISTRICT
FOR THE DISTRICT OF MARYLAND
(Baltimore Division)

| | |
|---|---|
| PAUL BARON<br>Salisbury, MD 21801<br>(Wicomico County)<br><br>*Plaintiff*,<br><br>v.<br><br>THE ASSET RECOVERY GROUP, LLC,<br>d/b/a THE JUDGMENT GROUP<br>1003 Butterworth Court<br>Stevensville, MD 21666-2561<br><br>**Serve on Resident Agent**:<br><br>   Susan Wilson, Resident Agent<br>   1003 Butterworth Court<br>   Stevensville, MD 21666<br><br>*Defendant*. | JURY TRIAL DEMANDED<br><br><br><br><br><br><br><br>Case No. 1:19-cv-3216 |

# COMPLAINT

Plaintiff Paul Baron ("Plaintiff"), through his attorneys Cory L. Zajdel, Esq., Jeffrey C. Toppe, Esq., David M. Trojanowski, Esq., and Z Law, LLC hereby brings this Complaint and Request for Jury Trial against Defendant The Asset Recovery Group, LLC d/b/a the Judgment Group ("the Judgment Group" or "Defendant") and in support thereof states the following:

## I.   PRELIMINARY STATEMENT

1.   The claims outlined herein exemplify certain predatory and deceptive debt collection practices—practices which run afoul of the law, and which have caused Plaintiff to suffer damage and losses directly and proximately caused by Defendant's unfair debt collection practices.

2. Specifically, the Judgment Group collected or attempted to collect from Plaintiff in a way that simulated the legal or judicial process, in violation of 15 U.S.C. § 1692e and MD. CODE ANN., COMM. LAW, §§ 14-202(9) and (11).

3. Furthermore, the Judgment Group misrepresented that it had the "ability and legal right" to garnish Plaintiff's wages "without [his] notice and without the court's intervention," in violation of 15 U.S.C. § 1692e and MD. CODE ANN., COMM. LAW, §§ 14-202(9) and (11).

4. Moreover, the Judgment Group notified Plaintiff's father that the debt was overdue and asserted that a lien could be placed on Plaintiff's father's house if the debt remained unpaid, in violation of 15 U.S.C. 1692c and MD. CODE ANN., COMM. LAW, §§ 14-202(5) and (11).

5. By engaging in these unfair and deceptive practices, as described herein, the Judgment Group has unfairly and deceptively asserted rights through communications with Plaintiff that the Judgment Group and its members knew did not exist.

6. As a direct and proximate result of the Judgment Group's attempts to collect consumer debts from Plaintiff, Plaintiff has been damaged and harmed by Defendant's actions of: (i) using documents and forms in connection with the collection of consumer debts that wrongfully simulated legal or judicial process, (ii) misrepresenting its ability to take certain collection actions without "notice" to Plaintiff, and (iii) communicating with third parties who were not the debtor, and without the debtor's consent. In addition, Plaintiff is entitled to statutory damages for the Judgment Group's violations of certain of the claims before the Court in this action.

## II. JURISDICTION & VENUE

7. This Court has original subject matter jurisdiction over this matter under 28 U.S.C. § 1331, as the action arises under the laws of the United States, namely 15 U.S.C. § 1692, *et seq*.

8. This Court has jurisdiction over the remainder of the counts under 28 U.S.C. §

1367.

9.  Venue is proper in this forum pursuant to 28 U.S.C. § 1391, because Defendant transacts business and may be found in this District, and a substantial portion of the practices complained of herein occurred in the District of Maryland.

### III.  PARTIES

10.  Paul Baron is a resident of the State of Maryland and Wicomico County, where the events described herein occurred.

11.  Defendant, the Asset Recovery Group, LLC d/b/a the Judgment Group ("the Judgment Group" or "Defendant") is a Maryland collection agency that collects judgments that have been entered by Maryland courts. The duties performed by the Judgment Group include seeking garnishments on court forms in the state courts based upon these judgments, and making other demands based on these judgments.

### IV.  FACTUAL ALLEGATIONS

12.  On October 21, 2011, Jerome and Karen Byrd ("the Byrds"), on behalf of Prudential Carruthers Realtors, filed suit against Paul Baron and Terra Rygh for damages allegedly caused by Baron and Rygh to residential real property rented by Baron and Rygh. *See* District Court Case No. 02-04-0001898-2011.

13.  On February 8, 2012, after a trial, the District Court for Worcester County Maryland entered judgment against Baron and Rygh, jointly and severally, in the amount of $8,656.50, plus court costs of $78.00. The district court ordered that post-judgment interest would accrue at the legal rate, which is 10%.

14.  After judgment was entered against Baron and Rygh, the Byrds purportedly sold the judgment debt to the Judgment Group, in order to collect on the judgment.

15. In or around March 2019, the Judgment Group sent Baron a letter that included the following:

    a. A statement, in the address line, that the contents of the envelope concerned an "URGENT PERSONAL LEGAL MATTER";

    b. A statement that "Maryland post-judgment enforcement laws give us the ability & legal right to garnish your wages, property & bank account(s) without your notice, approval or consent";

    c. At least five references to the District Court, or the fact that the judgment was "court-ordered";

    d. Two references to the case number in which judgment was entered;

    e. A statement that, "[i]f garnished, your employer/bank will be legally required to immediately garnish your wages/property in accordance with relevant laws"; and

    f. A form, created by the Judgment Group, that was substantially identical to the district court form dccv065 ("Request for Writ of Garnishment of Wages").

16. Additionally, the Judgment Group mailed correspondence to Baron's father in an attempt to collect the debt, and contacted Baron's father on numerous occasions concerning the debt.

17. On one occasion, the Judgment Group threatened to place a lien against Baron's father's house if Baron failed to pay off the debt.

V.     **CAUSES OF ACTION**

**COUNT I**
**VIOLATION OF THE FAIR DEBT COLLECTION**
**PRACTICES ACT, 15 U.S.C. §§ 1692, *et seq.***

18.    Plaintiff re-alleges and incorporates by reference the allegations set forth herein, and further alleges:

19.    15 U.S.C. § 1692e(9) provides:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> \*     \*     \*
>
> The use or distribution of any written communication which simulates or is falsely represented to be a document authorized, issued, or approved by any court, official, or agency of the United States or any State, or which creates a false impression as to its source, authorization, or approval.

20.    In violation of 15 U.S.C. 1692e(9), Defendant sent Plaintiff a letter, that simulated the judicial or legal process in that the communication included:

   a. A statement, in the address line, that the contents of the envelope concerned an "URGENT PERSONAL LEGAL MATTER";

   b. A statement that "Maryland post-judgment enforcement laws give us the ability & legal right to garnish your wages, property & bank account(s) without your notice, approval or consent";

   c. At least five references to the District Court, or the fact that the judgment was "court-ordered";

   d. Two references to the case number in which judgment was entered;

   e. A statement that, "[i]f garnished, your employer/bank will be legally required to

5

   immediately garnish your wages/property in accordance with relevant laws"; and

  f. A form, created by the Judgment Group, that was substantially identical to the Maryland district court form dccv065.

21. 15 U.S.C. § 1692c(b) provides:

> Except as provided in section 1692b of this title, without the prior consent of the consumer given directly to the debt collector, or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a postjudgment judicial remedy, a debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector.

22. In violation of 15 U.S.C. § 1692c(b), the Judgment Group attempted to collect the debt from Baron's father, and communicated with Baron's father on numerous occasions concerning the debt.

23. As a direct and proximate result of these FDCPA violations, Plaintiff has suffered actual economic and non-economic damages, as well as emotional distress and mental anguish, as more fully described herein, and has incurred attorney's fees and court costs.

24. The FDCPA provides for statutory damages in addition to actual damages.

**COUNT II**
**VIOLATION OF THE MARYLAND CONSUMER**
**DEBT COLLECTION ACT, Md. Code. Ann., Comm. Law, §§ 14-201,** *et seq*.

25. Plaintiff re-alleges and incorporates by reference the allegations set forth herein, and further alleges:

26. The Maryland Consumer Debt Collection Act ("MCDCA") § 14-202(9) provides:

> In collecting or attempting to collect an alleged debt a collector may not . . . [u]se a communication which simulates legal or judicial process or gives the appearance of being authorized, issued, or

approved by a government, governmental agency, or lawyer when it is not[.]

MD. CODE ANN., COMM. LAW, § 14-202(9).

27. In violation of the MCDCA § 14-202(9), Defendant sent Plaintiff a letter that simulated the judicial or legal process in that the communication included:

   a. A statement, in the address line, that the contents of the envelope concerned an "URGENT PERSONAL LEGAL MATTER";

   b. A statement that "Maryland post-judgment enforcement laws give us the ability & legal right to garnish your wages, property & bank account(s) without your notice, approval or consent";

   c. At least five references to the District Court, or the fact that the judgment was "court-ordered";

   d. Two references to the case number in which judgment was entered;

   e. A statement that, "[i]f garnished, your employer/bank will be legally required to immediately garnish your wages/property in accordance with relevant laws"; and

   f. A form, created by the Judgment Group, that was substantially identical to the district court form dccv065.

28. MCDCA § 14-202(5) provides:

   Except as permitted by statute, [a debt collector may not] disclose or threaten to disclose to a person other than the debtor or his spouse or, if the debtor is a minor, his parent, information which affects the debtor's reputation, whether or not for credit worthiness, with knowledge that the other person does not have a legitimate business need for the information;

29. In violation of MCDCA § 14-202(5) the Judgment Group attempted to collect the debt from Baron's father, and communicated with Baron's father on numerous occasions

concerning the debt.

30. MCDCA § 14-202(11) provides that a debt collector may not "[e]ngage in any conduct that violates §§ 804 through 812 of the federal Fair Debt Collection Practices Act."

31. Defendant engaged in conduct that violated §§ 804 through 812 of the federal Fair Debt Collection Practices Act. *See* allegations set forth in Count I of this Complaint, which are expressly incorporated herein by reference.

32. As a direct and proximate result of these MCDCA violations, Plaintiff has suffered actual economic and non-economic damages, as well as emotional distress and mental anguish, as more fully described herein.

**COUNT III**
**VIOLATION OF THE MARYLAND CONSUMER**
**PROTECTION ACT, MD. CODE. ANN., COMM. LAW, §§ 13-101,** *et seq.*

33. Plaintiff re-alleges and incorporates by reference the allegations set forth herein, and further alleges:

34. The Maryland Consumer Protection Act ("MCPA") § 13-301(14)(iii) provides that "[u]nfair, abusive, or deceptive trade practices include any . . . [v]iolation of a provision of . . . Title 14, Subtitle 2 of this article, the Maryland Consumer Debt Collection Act." MD. CODE. ANN., COMM. LAW, § 13-101(14)(iii).

35. As set forth in Count II of this Complaint, which is expressly incorporated herein by reference, Defendant violated various provisions of the MCDCA, including the following:

   a. In violation of the MCDCA § 14-202(9), Defendant sent Plaintiff a letter that simulated the judicial or legal process in that the communication included:

      i. A statement, in the address line, that the contents of the envelope concerned an "URGENT PERSONAL LEGAL MATTER";

    ii. A statement that "Maryland post-judgment enforcement laws give us the ability & legal right to garnish your wages, property & bank account(s) without your notice, approval or consent";

    iii. At least five references to the District Court, or the fact that the judgment was "court-ordered";

    iv. Two references to the case number in which judgment was entered;

    v. A statement that, "[i]f garnished, your employer/bank will be legally required to immediately garnish your wages/property in accordance with relevant laws"; and

    vi. A form, created by the Judgment Group, that was substantially identical to the district court form dccv065.

b. In violation of MCDCA § 14-202(5), the Judgment Group attempted to collect the debt from Baron's father, and communicated with Baron's father on numerous occasions concerning the debt.

c. In violation of MCDCA § 14-202(11), the Judgment Group "[e]ngage[d] in [] conduct that violate[d] §§ 804 through 812 of the federal Fair Debt Collection Practices Act." *See* allegations set forth in Count I of this Complaint, which are expressly incorporated herein by reference.

36. Therefore, by virtue of these various MCDCA violations, Defendant has engaged in a *per se* violation of the MCPA, § 13-301(14)(iii).

37. As a direct and proximate result of these MCPA violations, Plaintiff has suffered actual economic and non-economic damages, as well as emotional distress and mental anguish, as more fully described herein.

**PRAYER FOR RELIEF**

WHEREFORE Plaintiff prays that this Court enter judgment in his favor and against the Defendant, the Judgment Group, upon his FDCPA, MCDCA, and MCPA claims, and further:

- **A.** Award actual and statutory damages under Count I;

- **B.** Award actual damages under Count II and Count III;

- **C.** Award reasonable attorney's fees, litigation expenses, and costs in the amount allowed under Count I and Count III; and

- **D.** Provide such other or further relief as the Court deems appropriate.

Respectfully submitted,

Z LAW, LLC

Dated: November 6, 2019     By:     /s/  28191
Cory L. Zajdel (Fed. Bar No. 28191)
Jeffrey C. Toppe (Fed. Bar No. 20804)
David M. Trojanowski (Fed. Bar No. 19808)
2345 York Road, Suite #B-13
Timonium, Maryland 21093
Tel: (443) 213-1977
clz@zlawmaryland.com
jct@zlawmaryland.com
dmt@zlawmaryland.com

**Attorneys for Plaintiff Paul Baron**

**JURY TRIAL DEMAND**

Plaintiff demands a trial by jury on all issues so triable.

/s/      28191
Cory L. Zajdel